UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA PONTUSO,<br>   *Plaintiff*,<br><br>v.<br><br>UNITED STATES POST OFFICE,<br>RAYMOND GOUGH, AND<br>UNITED STATES OF AMERICA.<br>   *Defendants*. | CASE NO._____<br><br><br>COMPLAINT<br>and<br>JURY DEMAND |

Plaintiff, Sandra Pontuso, complaining of Defendants, hereby alleges the following:

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on Title 28, U.S.C. Sections 1331, 1341, and 1345 (1)(2)(3)(4) and the aforementioned statutory and constitutional provisions. The amount of controversy is unliquidated but is expected to exceed $75,000.00 including interest and costs.

2. Subject matter jurisdiction is based upon a lawsuit against a the federal government or one of its agencies pursuant to Title 28, U.S.C. Section 1332.

3. Plaintiff respectfully requests this Honorable Court to invoke the pendent jurisdiction of this Court pursuant to U.S.C. Title 28, Section 1367, to consider claims arising under state law as these claims form part of the same case or controversy.

4. Venue is properly laid in the District Court of Massachusetts pursuant to U.S.C. Title 28, Section 1392 as the acts complained of occurred in the Commonwealth of Massachusetts, and all parties are located within the Commonwealth of Massachusetts.

5. On or around March 1, 2022 Plaintiff submitted a claim for damages, injury, or death for a sum certain pursuant to the terms of the Federal Tort Claims Act to the U.S. Postal Service, to the attention of Michael Joosten, Tort Claims Coordinator.

## PARTIES

6. At all relevant times, Plaintiff was a resident of the Town of Andover, Essex County, Massachusetts. Plaintiff is a natural person residing at 111 Salem Street, Andover, Massachusetts 01810.

7. The United States of America ("U.S.A.") is a Defendant.

8. Defendant, United States Post Office ("USPS"), is a federal agency of the United States of America.

9. Defendant, Raymond Gough ("Gough"), is a natural person and employee of the United States Postal Service.

## COUNT ONE – NEGLGENCE
## SANDRA PONTUSO v. RAYMOND GOUGH

10. Plaintiff realleges and reavers the allegations set forth in paragraphs one (1) through nine (9) of this complaint and incorporates same by reference as fully stated herein.

11. On February 18, 2021, a motor vehicle collision occurred involving the Plaintiff and defendant, Raymond Gough.

12. At all relevant times, Gough was operating a 1988 Grumman, owned by the defendants USPS and U.S.A.

13. At all relevant times, Plaintiff was operating M.A. Reg. 2JGS91, a 2009 Toyota.

14. At all relevant times, Gough was operating the 1988 Grumman within the scope of his employment with the USPS and for the benefit of the USPS.

15. At or around 1:10pm, Plaintiff was traveling westbound on Shawsheen Road in Andover, Massachusetts.

16. At this time, Gough exited side street Lincoln Circle into the path of travel of the Plaintiff.

17. At all relevant times, the Plaintiff had the right of way.

18. The force of the collision cause the Plaintiff personal injury, loss of earning capacity, emotional distress and other injuries unknown at this time.

19. The collision was caused by the recklessness, carelessness, and/or negligence of the Defendant, for that, among other acts and omissions, the Defendant:

   a. Operated the motor vehicle dangerously under the circumstances then and there existing.
   b. Failed to yield to a pedestrian with the right of way.
   c. Failed to observe due care and precaution, and to maintain proper and adequate control of the motor vehicle.
   d. Failed to keep a proper lookout for pedestrians.
   e. Failed to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing; and
   f. In other respects, not now known to the Plaintiff, but which may become known prior to or at the time of trial.

20. As a direct and proximate result of the negligence and carelessness of the Defendant, the Plaintiff:

   a. suffered serious and painful bodily injuries, great physical pain and mental anguish, and severe and substantial emotional distress.
   b. was, is, and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain, and suffering.
   c. was, is, and will be precluded from engaging in normal activities and pursuits; and
   d. otherwise, was hurt, injured, and caused to sustain losses.

21. All of the Plaintiff's losses were, are, and will be due solely to and by reason of the carelessness and negligence of the Defendant, without any negligence or want of due care on the Plaintiff's part contributing thereto.

WHEREFORE, Plaintiff, Sandra Pontuso, demands judgment against the Defendants Gough, U.S.A., and USPS, jointly, severally, and in the alternative for:

   a. Compensatory damages in the amount of $500,000.00;
   b. Prejudgment interest;
   c. Costs of suit; and

d. For such other relief as the Court may deem just and adequate.

## COUNT TWO – RESPONDEAT SUPERIOR
## SANDRA PONTUSO v. USPS

22. Plaintiff realleges and reavers the allegations set forth in paragraphs one (1) through twenty-one (21) of this complaint and incorporates same by reference as fully stated herein.

23. Under the theory of respondeat superior, USPS is liable for the negligence of its employees while working within the scope of their employment;

24. The collision was caused by the recklessness, carelessness, and negligence of the Defendant's employee(s), for that, among other acts and omissions, the Defendant' employee(s):

   a. Operated the motor vehicle dangerously under the circumstances then and there existing;
   b. Failed to yield to a vehicle with the right of way;
   c. Failed to observe due care and precaution, and to maintain proper and adequate control of the motor vehicle;
   d. Failed to keep a proper lookout for other motor vehicles;
   e. Failed to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing; and
   f. In other respects not now known to the Plaintiff, but which may become known prior to or at the time of trial

25. As a direct and proximate result of the negligence and carelessness of the Defendant's employee, the plaintiff:

   a. Suffered serious and painful bodily injuries, great physical pain and mental anguish, and severe and substantial emotional distress;
   b. Was, is, and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain, and suffering;
   c. Was, is, and will be precluded from engaging in normal activities and pursuits; and
   d. Otherwise was hurt, injured, and caused to sustain losses.

26. All of the Plaintiff's losses were, are, and will be due to and by reason of the carelessness and negligence of the Defendant's employee(s), without any negligence or want of due care on the Plaintiff's part contributing thereto.

WHEREFORE, Plaintiff, Sandra Pontuso, demands judgment against the Defendants Gough, U.S.A., and USPS, jointly, severally, and in the alternative for:

    a. Compensatory damages in the amount of $500,000.00;
    b. Prejudgment interest;
    c. Costs of suit; and
    d. For such other relief as the Court may deem just and adequate.

## COUNT THREE – RESPONDEAT SUPERIOR/AGENCY
## SANDRA PONTUSO v. U.S.A.

27. Plaintiff realleges and reavers the allegations set forth in paragraphs one (1) through twenty-six (26) of this complaint and incorporates same by reference as fully stated herein.

28. Under the theories of respondeat superior and agency, U.S.A. is liable for the negligence of its employees and agents while working within the scope of their employment and for the benefit of the United States of America;

29. The collision was caused by the recklessness, carelessness, and negligence of the Defendant's employee(s), for that, among other acts and omissions, the Defendant's employee(s):

    a. Operated the motor vehicle dangerously under the circumstances then and there existing;
    b. Failed to yield to a vehicle with the right of way;
    c. Failed to observe due care and precaution, and to maintain proper and adequate control of the motor vehicle;
    d. Failed to keep a proper lookout for other motor vehicles;
    e. Failed to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing; and
    f. In other respects not now known to the Plaintiff, but which may become known prior to or at the time of trial

30. As a direct and proximate result of the negligence and carelessness of the Defendant's employee, the plaintiff:

   a. Suffered serious and painful bodily injuries, great physical pain and mental anguish, and severe and substantial emotional distress;
   b. Was, is, and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain, and suffering;
   c. Was, is, and will be precluded from engaging in normal activities and pursuits; and
   d. Otherwise was hurt, injured, and caused to sustain losses.

31. All of the Plaintiff's losses were, are, and will be due to and by reason of the carelessness and negligence of the Defendant's employee(s), without any negligence or want of due care on the Plaintiff's part contributing thereto.

WHEREFORE, Plaintiff, Sandra Pontuso, demands judgment against the Defendants Gough, U.S.A., and USPS, jointly, severally, and in the alternative for:

   e. Compensatory damages in the amount of $500,000.00;
   f. Prejudgment interest;
   g. Costs of suit; and
   h. For such other relief as the Court may deem just and adequate.

Respectfully submitted by the Plaintiff,
through their attorney,

_____
Jonathan N. Soto, Esq.
BBO#: 686158
Morgan & Morgan
155 Federal Street, Suite 1502
Boston, MA 02110
(P) 617-912-5100
(F) 857-221-4017
jsoto@forthepeople.com